IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:20–CR–20 |
| | : | |
| v. | : | (Judge Wilson) |
| | : | |
| DENNIS LEE CHARLES, JR. | : | Electronically filed |

# MEMORANDUM IN OPPOSITION TO GOVERNMENT'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION

**Introduction:**

On June 17, 2022 the Government filed Government's Proposed Supplemental Jury Instructions (Doc. 179). The Government requests that the Court instruct the jury on Willful Blindness, as adapted from the *Third Circuit Model Criminal Jury Instructions*, §5.06.

**Argument:**

### I.  A Willful Blindness Instruction is Not Warranted.

Defendant Dennis Charles objects to the Government's request for a Willful Blindness instruction to the jury, since there has been no evidence to show that the Defendants, or either of them, subjectively believed that there was a high probability that: (1) asbestos was present in the specific areas of the facility where work was being performed, and knew that their actions disturbed that asbestos; and (2) consciously took deliberate actions to avoid learning about any high probability of such facts.  United States v. Wert-Ruiz, 228 F. 3d 250 (3rd Cir. 2000).  On the first issue, it is not enough that a defendant should have known about a high probability that asbestos was present in the specific areas of the facility where work was being performed, and should have known that there was

a high probability that their actions disturbed that asbestos, or that a reasonable person would have known about the high probability of those facts. Negligence is not sufficient. United States v. Brodie, 403 F. 3d 123, 148 (3rd Cir. 2005). The defendant himself must have been subjectively aware of a high probability of the facts in question. United States v. Caminos, 770 F.2d 361, 365 (3rd Cir. 1985). Likewise, on the second issue, there is no evidence to show that the defendants, or either of them, consciously took deliberate actions to avoid learning about a high probability that asbestos was present in the specific areas of the facility where work was being performed, and a high probability that their actions disturbed that asbestos.

**II. Alternative Willful Blindness Instruction.**

In the event that the Court rules that a Willful Blindness instruction should be given to the jury, the instruction proposed by the Government is erroneous and prejudicial, since it repeats the Government theory that it is sufficient for a conviction merely to prove that the defendants "knew that asbestos containing materials... were present in areas of the facility..." Government's Proposed Supplemental Jury Instructions (Doc 179), p. 2. Defendant Charles accordingly proposes the following alternative, if a Willful Blindness instruction is ruled appropriate:

> To find Dennis Lee Charles, Jr. and/or John Sidari, Jr., or either of them, guilty of violating the Clean Air Act, you must find that the Government proved beyond a reasonable doubt that the defendants knew that asbestos was present in the specific areas of the facility where work was being performed, and knew that their actions disturbed that asbestos.
>
> In this case there is a question about whether Dennis Lee Charles, Jr. and John August Sidari, Jr. knew that asbestos was present in specific areas of the facility

where work was being performed, and knew that their actions disturbed asbestos in that specific area. When, as in this case, knowledge of particular facts or circumstances is an essential part of the offense charged, the Government may prove that the defendants knew of those facts or circumstances if the evidence proves beyond a reasonable doubt that the defendants deliberately closed their eyes to what would otherwise have been obvious to them.

No one can avoid responsibility for a crime by deliberately ignoring what is obvious. Thus, you may find that Dennis Lee Charles, Jr. and John August Sidari, Jr. knew that asbestos containing materials, including exterior perimeter glass block caulking and pipe insulation wrap, were present in specific areas of the facility, and knew that their actions disturbed that specific asbestos, based on evidence which proves that: (1) Dennis Lee Charles, Jr. and John August Sidari, Jr. subjectively believed that there was a high probability that asbestos was present in the specific areas of the facility where work was being performed, and subjectively believed that there was a high probability that their actions disturbed asbestos in that specific area; and (2) Dennis Lee Charles, Jr. and John August Sidari, Jr. consciously took deliberate actions to avoid learning those facts.

You may not find that Dennis Lee Charles, Jr. and John August Sidari, Jr. knew that asbestos containing materials, including exterior perimeter glass block caulking and pipe insulation wrap, were present in the specific areas of the facility where work was being performed, and knew that their actions disturbed that specific asbestos, if you find that the defendants actually believed that those facts did not

exist. Also, you may not find that Dennis Lee Charles, Jr. and John August Sidari, Jr. violated the Clean Air Act if you find only that they consciously disregarded a high probability that asbestos was present in the specific area of the facility where work was being performed, and disregarded a high probability that their actions disturbed asbestos in that specific area; or that Dennis Lee Charles, Jr. and John August Sidari, Jr. should have known those facts; or that a reasonable person would have known of a high probability that those facts existed. It is not enough that Dennis Lee Charles, Jr. and John August Sidari, Jr. may have been reckless or stupid or foolish, or may have acted out of inadvertence or accident. You must find that Dennis Lee Charles, Jr. and John Sidari, Jr. subjectively believed that there was a high probability that asbestos was present in the specific areas of the facility where work was being performed, and subjectively believed that there was a high probability that their actions disturbed asbestos in that specific area.

**Conclusion**

It is requested that the Court deny the Government's Proposed Supplemental Jury Instruction on Willful Blindness. In the alternative, it is requested that the Court give the alternative instruction as above.

June 20, 2022                                          Respectfully submitted,

*/s/ William A. Fetterhoff*
William A. Fetterhoff, Esq.
Myers Brier & Kelly
240 North Third Street, Suite 501
Harrisburg, PA 17101
E-mail: wfetterhoff@mbklaw.com
Telephone: (717) 856-7421
*Attorney for Dennis Lee Charles, Jr.*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that the foregoing document was electronically served on the individuals listed below on the date indicated.

Howard P. Stewart, Esq.
Senior Litigation Counsel
Environmental Crimes Section
United States Department of Justice
601 D Street N.W., Room 2014
Washington, D.C. 20004

Patricia C. Miller, Esq.
U.S. Environmental Protection Agency
4119 Nesco Road
Hammonton, NJ 08037

William A. Behe, Esq.
Assistant U.S. Attorney
Federal Building
228 Walnut Street, Suite 220
Harrisburg, PA 17108

Paul J. Miovas, Jr., Esq.
Assistant U.S. Attorney
Federal Building
228 Walnut Street, Suite 220
Harrisburg, PA 17108

Zane D. Memeger, Esq.   Lobar, Inc.
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103

Christopher D. Carusone, Esq.   Lobar, Inc.
Cohen Seglias Pallas Greenhall
& Furman PC
240 North third Street, 7th Floor
Harrisburg, PA 17101

| | |
|---|---|
| Lathrop B. Nelson, III, Esq.<br>Montgomery, McCracken, Walker<br>& Rhoads, LLP<br>1735 Market Street, 21st Floor<br>Philadelphia, PA 19103 | John August Sidari and<br>M&J Excavation |
| Keir Bradford-Grey, Esq.<br>Montgomery, McCracken, Walker<br>& Rhoads, LLP<br>1735 Market Street, 21st Floor<br>Philadelphia, PA 19103 | John August Sidari and<br>M&J Excavation |
| Joseph P. McCool, Esq.<br>Montgomery, McCracken, Walker<br>& Rhoads, LLP<br>1735 Market Street, 21st Floor<br>Philadelphia, PA 19103 | John August Sidari and<br>M&J Excavation |
| Christopher A. Ferro, Esq.<br>160 East Market Street<br>York, PA 17401 | Francis Richard Yingling |
| James P. DeAngelo, Esq.<br>McNees Wallace & Nurick<br>100 Pine Street<br>P.O. Box 1166<br>Harrisburg, PA 17108-1166 | First Capital Insulation, Inc. |
| Sarah Hyser-Staub, Esq.<br>McNees Wallace & Nurick<br>100 Pine Street<br>P.O. Box 1166<br>Harrisburg, PA 17108-1166 | First Capital Insulation, Inc. |
| James T. Clancy, Esq.<br>McNees Wallace & Nurick<br>100 Pine Street<br>P.O. Box 1166<br>Harrisburg, PA 17108-1166 | First Capital Insulation, Inc. |
| Geoffrey S. McInroy, Esq.<br>2204 Market Street, Suite #2<br>Camp Hill, PA 17011 | Ty Allen Barnett |

June 20, 2022						*/s/ Willaim A. Fetterhoff*
							William A. Fetterhoff, Esq.
							Myers Brier & Kelly
							240 North Third Street, Suite 501
							Harrisburg, PA 17101
							E-mail: wfetterhoff@mbklaw.com
							Telephone: (717) 856-7421
							*Attorney for Dennis Lee Charles, Jr.*